**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10382 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-00172-JGZ |
| v. | |
| TED EARL SEVEREID, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS,[**] and CHRISTEN, Circuit Judges.

Defendant-Appellant Ted Severeid, an inmate in a Bureau of Prisons facility,

was indicted by a grand jury on one count of assault on a federal officer in

violation of 18 U.S.C. §§ 111(a)(1) and (b). After a first trial that ended in a

mistrial, a second jury convicted him. The district court sentenced him to 120

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Andre M. Davis, Senior Circuit Judge for the United
States Court of Appeals for the Fourth Circuit, sitting by designation.

months in prison (consecutive to any outstanding sentence), three years of supervised release, and restitution in the amount of $1,874.25. He now appeals, challenging, *inter alia*, the prosecutor's closing argument as containing several instances of improper vouching. We agree with Severeid that the prosecution's vouching in closing argument constituted plain error. Accordingly, we reverse.

1. During closing argument, the prosecution made several statements that Severeid challenges as instances of improper vouching. These include:

> The prosecutor stated: "[Officer] Nemcik is not a racist. He's a good, honest officer who puts his life on the line every day in that facility for the good people in society."

> The prosecutor told the jury he could not see the defendant's tattoo in the video recording of the defendant's injury assessment.

> The prosecutor referred to Severeid and Ault (Severeid's cell mate) as "con men" and stated that "they have to be very good liars" when arguing that Severeid and Ault were lying about their claims of Officer Nemcik's racism and the choking incident.

> When explaining the poor quality of a videotape that had captured the altercation between Officer Nemcik and Severeid, the prosecutor stated: "It was presented to you, ladies and gentlemen, because the United States presents all the evidence in its cases, good, bad, and indifferent, and we disclose all the evidence, good, bad, and indifferent."

Because Severeid's counsel failed to object to any of the statements above, we review for plain error. United States v. Dorsey, 677 F.3d 944, 953 (9th Cir. 2012). "Under plain-error review, reversal is proper only if there is (1) an error that is (2)

2

clear or obvious, (3) affects substantial rights, and (4) 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)).

2. "Vouching occurs when a prosecutor 'place[s] the prestige of the government behind the witness or . . . indicate[s] that information not presented to the jury supports the witness's testimony.'" United States v. Rangel-Guzman, 752 F.3d 1222, 1224 (9th Cir. 2014) (alteration in original) (quoting United States v. Roberts, 618 F.2d 530, 533 (9th Cir. 1980)). As we stated in United States v. Necoechea:

> [There is] no bright-line rule about when vouching will result in reversal. Rather, we consider a number of factors including: the form of vouching; how much the vouching implies that the prosecutor has extra-record knowledge of or the capacity to monitor the witness's truthfulness; any inference that the court is monitoring the witness's veracity; the degree of personal opinion asserted; the timing of the vouching; the extent to which the witness's credibility was attacked; the specificity and timing of a curative instruction; the importance of the witness's testimony and the vouching to the case overall.

986 F.2d 1273, 1278 (9th Cir. 1993). In the context of plain error review, we "then balance the seriousness of the vouching against the strength of [any] curative instruction and closeness of the case." Id.

3. While Severeid challenges several of the prosecutor's statements as

3

instances of improper vouching, we focus on the prosecutor's statements about the respective credibility of Severeid and his witness, Ault, on the one hand, and Officer Nemcik, on the other hand. We find troubling the prosecutor's argument, especially in light of the fact that the jury was tasked with a close credibility contest. In particular, the statement that Officer Nemcik, the prosecution's own witness, was an "honest officer" is the paradigmatic example of impermissible vouching. See United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir. 1992); see also United States v. Wright, 625 F.3d 583, 610 (9th Cir. 2010) ("'[V]ouching typically involves the prosecution bolstering the testimony of its own witness.'" (quoting United States v. Nobari, 574 F.3d 1065, 1078 (9th Cir. 2009))). This is all the more disconcerting considering that, at oral argument, counsel admitted that the prosecutor handling the case was an experienced prosecutor. This comment was not an instance in which the prosecutor merely drew upon specific testimonial or other evidence to demonstrate the officer's consistency or the reliability of his testimony. Rather, viewed objectively, the prosecutor's statement expressed an impermissible personal opinion of his belief in Office Nemcik's credibility. See Wright, 625 F.3d at 610.

Furthermore, this and the other challenged statements were unaccompanied by any curative instruction by the court. See Necoechea, 986 F.2d at 1278; United

4

States v. Sanchez, 659 F.3d 1252, 1260 (9th Cir. 2011) (concluding that a prosecutor's statements constituted impermissible vouching for the credibility of his witnesses and that this improper vouching was plain error considering that the case was a close one that "came down to a battle over credibility" (internal quotation marks omitted)). As mentioned, the outcome of the case hinged on witness credibility. The jurors had to decide whether they believed, beyond a reasonable doubt, Officer Nemcik's account of the altercation – in which Severeid was the aggressor – or whether Severeid's account – in which Officer Nemcik, an alleged racist, purposefully targeted Severeid and violently grabbed him by the throat, prompting Severeid to respond in an act of self-defense – was sufficiently plausible to create a reasonable doubt. This credibility battle was clearly close; the jury in the first trial was unable to reach a unanimous verdict. Furthermore, during the second trial, the jury sent a note questioning what to do if they could not come to a unanimous agreement. Because this was a close case that centered on credibility, we cannot "comfortably assume that the jury would have convicted [Severeid] absent the prosecutor's misconduct." Sanchez, 659 F.3d at 1260. We therefore conclude that the prosecutor's impermissible vouching was plain error that prejudicially deprived Severeid of a fair determination of the cause by the jury.

**REVERSED AND REMANDED FOR A NEW TRIAL.**

5